FARMERS' LOAN & TRUST CO. OF NEW YORK et al. v. McANDREWS.

(Circuit Court of Appeals, Seventh Circuit.   May 15, 1901.)

No. 763.

RAILROADS—RIGHTS OF MORTGAGEE—SUIT TO ENJOIN CROSSING BY DRAIN.

The trustee in a railroad mortgage is not entitled to maintain a suit in a federal court to enjoin a contractor from proceeding under authority of a county to construct a drain across the right of way of the railroad, where regular proceedings for condemning right of way for the drain, to which the railroad company is a party, are pending in the state courts, and where there is no reasonable ground for apprehending injury to complainant's security.

Appeal from the Circuit Court of the United States for the District of Indiana.

The action in the Circuit Court was by the appellants, as trustees for the holders of seventy-five million dollars mortgage bonds, issued by the Pittsburg, Cincinnati, Chicago & St. Louis Railroad Company (commonly known as, and hereinafter called, the Pan Handle Railroad Company), to enjoin the appellee, a contractor engaged in the excavation of a drain, under an order of the County Court of LaPorte County, Indiana, from tearing up the Pan Handle railway track, or using a dredge across its roadbed, or from in any way impeding, obstructing, or interfering with, the operation of such railroad in the transportation of interstate commerce, or the carriage of the United States mails.

The bill alleges that the Farmers' Loan & Trust Company of New York is a corporation under the laws of the State of New York; that William N. Jackson (since deceased, and with no successor in trust) is a citizen of the State of Indiana; that John McAndrews is a citizen of the State of Illinois; and that the Pan Handle Railroad Company is a corporation organized under the laws of the States of Illinois, Indiana, Ohio, Pennsylvania, and West Virginia, owning and operating a continuous line of railroad from Chicago through the counties of Lake, Porter, LaPorte, Stark and Pulaski in the State of Indiana, to Pittsburg, Pennsylvania.

The bill further alleges that the railway company, under contract with the government of the United States, carries, upon two of its passenger trains running daily each way, the United States mails, and operates through the County of LaPorte, between the City of Chicago and the City of Logansport, ten regular passenger trains, and fourteen regular freight trains. each day, besides many extra trains; and that to successfully operate said railway, transporting its interstate commerce, and performing its contract with the government, it is necessary that its right of way be kept intact, and that its trains be not delayed or in any manner interfered with.

The bill further avers that at the point where such drain is to be constructed across the railroad track, the railway company maintains a wooden bridge, resting upon piling driven in the ground; that the construction of such drain will compel the taking up of such bridge and the removal of the piling, and their replacement by a more permanent and costly structure, to wit, one that would cost five thousand dollars; that, at the time of the filing of the bill, the appellee, in constructing the drain, had come within fifteen hundred feet of the railroad track, and was threatening to use a steam dredge, forty feet in width and eighty feet in length, to excavate the drain across the right of way; and that the use of such dredge in such construction would necessitate "the taking up of said railroad track and the stoppage of all trains and traffic on that part of said railroad for from eighteen to forty-eight hours."

Respecting the right of appellants to bring the action, the averments of the bill are that they are trustees under the mortgage to secure the payment of seventy-five million dollars, evidenced by seventy-five thousand bonds of one thousand dollars each, owned by divers persons; and "that to permit

the appropriation, injury or destruction of said railroad and right of way, and the interference with the operation of said railroad by the use of said dredge in constructing said drain across said right of way, through said roadbed and under said railroad track will be to materially injure, if it does not destroy the value of that part of said railroad and right of way as security for the payment of said bonds; that if said right of way is taken and appropriated, said railroad track destroyed, and the operation of said railroad stopped, the security so conveyed to your orators will depreciate in value, lessening the market value of said bonds, thus and thereby causing your orators, and those for whom they hold said property for security irreparable injury."

The bill further avers that, though having an equitable interest in said railway, within the meaning of the constitution and statutes of the State of Indiana, providing for the assessment and payment of damages to the owner of property taken and appropriated, appellants were not made parties to the proceedings in the LaPorte Circuit Court, wherein the drain was ordered to be located and constructed; that they had no notice of such proceedings; that they never consented to the location and construction of such drain; and that no damages have ever been assessed, or paid, or tendered them for the right of way so sought to be taken and appropriated.

A temporary restraining order having been issued, the appellee moved the court to dissolve this order, and upon the hearing on that motion it was made to appear that the Pan Handle Railroad Company could, by a temporary detour over the tracks of the Erie Railroad Company, avoid the point where the drain is to cross the railroad track, and thus escape any considerable delay in the operation of its trains; that the Pan Handle Railroad Company was a party to the hearing in the LaPorte Circuit Court from which proceeded the order to construct the drain in question; that the railroad company filed in the Indiana court, in accordance with the practice, a remonstrance, specifying its objections to the report of the commissioners, among other things, the following: That the benefits assessed against the railroad company were exorbitant; that there would be, in fact, no benefit to the railroad company; that the railroad company would be damaged by the construction of the drain in the sum of twenty-five thousand dollars; that the railroad company's right of way would be appropriated and taken, and no damages allowed therefor; and that the proposed drain would result in depriving the railroad company of its property without due process of law.

Upon the hearing in the LaPorte Circuit Court, an order was entered adjudging that the Pan Handle Railroad Company "would be benefited in the sum of six hundred dollars in excess of any and all damages it would sustain by reason of the taking up of the tracks and bridge temporarily to permit the construction of the ditch, and for the replacing of the same, and for all other costs and expenses incurred by it by reason of the construction of said ditch." From this order an appeal was taken to the Supreme Court of Indiana, and is still pending.

The motion to dissolve the injunction was sustained by the Circuit Court, and the bill dismissed, with the proviso that, upon the perfecting of an appeal to this court, the order dissolving the temporary injunction should not become operative, but the injunction continue until the final disposition of the appeal. From this order of the court the appeal is prosecuted.

G. E. Ross, for appellant.

Lemuel Darrow and Horace S. Oakley, for appellee.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

After the foregoing statement of the case, GROSSCUP, Circuit Judge, delivered the opinion of the court, as follows:

It is conceded that the Circuit Court of LaPorte County had jurisdiction of the general subject-matter embraced in the order locating the drain, and the assessing of benefits and damages to the lands through which it was laid out; and it is conceded that, for

these purposes, jurisdiction was obtained over the Pan Handle Railroad Company. Whether the order, as against the railroad company, is regular or valid is, therefore, a question for the state courts, or, in case a Federal question be involved, for the Supreme Court of the United States, reviewing the state court.

Nor would the execution of the order of the state court, in the manner pointed out by the bill, amount to a diminution of the res covered by the mortgage. The taking, though presumably for a permanent use, is not of the fee, but only of an easement; and, subject to the public use, the title, and all consistent uses, will remain in, and belong to, the Pan Handle Railroad Company. Hagaman v. Moore, 84 Ind. 496. There is in the case, therefore, no threatened injury to the appellants, unless the interruption of the operation of the road, or the increased cost of building and maintaining the new bridge, can be said to amount to an impairment of the mortgage security.

The case, practically viewed, presents no such danger. It is inconceivable, in the absence, at least, of some more satisfactory showing, that a great railroad extending from Chicago to Pittsburg, and carrying, without default, a seventy-five million dollar bonded indebtedness, should be embarrassed by an additional expenditure, for a new bridge, of five thousand dollars, or by a two days' interruption of traffic at some point upon its line—an interruption easily obviated by a detour around the point of obstruction over another railroad. The execution of the order of the Indiana court will clearly inflict no such injury upon the mortgage security as would entitle the appellants to the staying hand of the United States Courts.

The order of the Circuit Court, to the extent that it dissolves the injunction and dismisses the bill, is affirmed, and the case is remanded for further proceedings not inconsistent with this opinion.